DE WOLF, Appellant, vs. WASHINGTON, Respondent.

*October 22—November 17, 1903.*

*Contracts: Consideration: Procuring insurance policies: Invalidity: Other insurance: Breach of warranty: Pleading: Estoppel.*

1. Defendant requested plaintiff, an insurance agent, to procure fire insurance to a certain amount. Plaintiff procured and delivered two policies, in different companies, aggregating that amount, and defendant promised to pay plaintiff the premiums. Each policy (in the Wisconsin standard form) provided that it should be void in case of other insurance. *Held,* that if such policies when delivered were void as insurance contracts, each because of the other, they were binding agreements to pay to defendant the amount of the premiums on proper demand (sec. 1941—52, Stats. 1898), and hence were a sufficient consideration to support defendant's promise.

2. In an action upon such promise defendant could take advantage of the invalidity of the policies as a breach of warranty, only by pleading such breach affirmatively by way of setoff or counterclaim.

[3. Whether, where two insurance companies issue policies upon the same property, at the same time, and through the same agent, each policy providing that it shall be void in case of other insurance, the companies, by accepting the premiums with knowledge, through said agent, of the facts, estop themselves to deny the validity of the policies, not determined.]

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Reversed.*

Plaintiff, an insurance agent, was requested by defendant to procure insurance of $7,000, in his discretion as to the companies. He procured and delivered two insurance policies, each for $3,000, upon defendant's residence, one being for $1,000 in addition upon a separate office building. Defendant agreed to pay plaintiff the premiums, amounting to $84. The policies were the Wisconsin standard form, each containing the provision that, unless otherwise provided by agreement indorsed thereon or added thereto, it "shall be void if the assured now has, or shall hereafter make or procure, any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy." No such agreement was indorsed or added to either. Defendant made no objection to the policies until December 11, 1902, some three months after their delivery, when, upon request for payment of the premiums by plaintiff, he returned them, denying that he had ordered them, whereupon they were surrendered to the company, and the amount of short-time insurance for the three months deducted, and the balance, $67.20, repaid to the plaintiff, who credited it against the $84. This action was brought to recover the balance, $16.80. The court found the facts above stated, and concluded as law that both policies were wholly void from their date, and defendant not liable to the plaintiff for the premiums. Ac-

cordingly, judgment for the defendant was rendered, from which the plaintiff brings this appeal.

For the appellant there was a brief by *Roemer & Aarons,* and oral argument by *C. L. Aarons.*

*William H. White,* for the respondent.

DODGE, J. The trial court has found as fact that defendant ordered and received the policies in question and promised to pay plaintiff the premiums. To this must be added the assumption that defendant knew and understood that the policies must be obtained from some insurance companies and that plaintiff must pay the premiums to such companies. From the facts thus found there obviously results *prima facie* a liability of defendant to plaintiff in the amount of the premiums. What is there to avert such result? Respondent answers, the fact that the policies were void. But does such fact relieve from liability? Certainly not, unless by reason of that fact the consideration for defendant's promise failed. Either injury to the promisee or benefit to the promisor is good consideration to support a promise. That plaintiff suffers injury by parting with his money to the companies is certain. That defendant gained some benefit is also clear, for, if the policies were entirely void as insurance contracts, they constituted binding agreements on the part of the companies to pay to the defendant the amount of the premiums, on proper demand. Sec. 1941—52, Stats. 1898. We must conclude therefore that consideration did not entirely fail, and that, but for some other defense, the plaintiff was entitled to recover on defendant's promise. The only other defense possible is breach of warranty. If the policies were not such as contracted for, defendant had several courses open to him. He might have refused to receive the policies; he might have returned them as not satisfying the contract, unless his conduct had been such as to constitute an acceptance of them; or he might retain them for what they were worth,

and set off or recoup damages. He did neither the first nor the second, for his return of the policies was not on the ground that they did not satisfy the contract, but upon the claim that no contract was made, now found to be false. The third course, which was his only alternative, he must be deemed to have elected. That, however, could constitute defense, either in whole or in part, only by pleading a breach of warranty affirmatively by way of setoff or counterclaim, of which nothing appears in the record. Upon the pleadings and the facts found, therefore, the plaintiff was entitled to judgment.

This conclusion renders unnecessary the consideration of the question discussed by counsel whether the two policies, delivered at the same time, with full knowledge in the agent and therefore in the companies (sec. 1941—62, Stats. 1898), could be repudiated by those companies on that ground; whether, in other words, the companies did not, by issuing the policies and accepting the premiums, with such knowledge, estop themselves from denying the validity of their acts.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in favor of plaintiff for $16.80, with interest from December 11, 1902.